# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1564
Filed March 11, 2026

———————————

**Charles Dean White,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

———————————

Appeal from the Iowa District Court for Page County,
The Honorable Craig M. Dreismeier, Judge.

———————————

**AFFIRMED**

———————————

Allan M. Richards, Tama, attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Chicchelly, P.J.

**CHICCHELLY, Presiding Judge.**

Charles White appeals the denial of his application for postconviction relief (PCR). He alleges ineffective assistance of his PCR counsel. Because we find White's ineffective-assistance claims were not preserved, and even if they had been preserved we would reject them on the merits, we affirm the district court's denial of his application for PCR.

## BACKGROUND FACTS AND PROCEEDINGS

Charles White was convicted by a jury in April 2012 of three counts of second-degree sexual abuse, in violation of Iowa Code sections 709.1 and 709.3(2) (2009), and one count of lascivious acts with a child, in violation of section 709.8. On direct appeal, a panel of our court affirmed his convictions. *See State v. White*, No. 12-1256, 2013 WL 4504896, at *7 (Iowa Ct. App. Aug. 21, 2013).

In 2014, White filed his first PCR action, asserting ineffective-assistance claims against his trial counsel. The district court granted summary judgment to the State, but on appeal our court reversed and remanded for further proceedings on a single issue. *See White v. State*, No. 15-1492, 2016 WL 4054000, at *1 (Iowa Ct. App. July 27, 2016). After trial on remand, the PCR court again denied relief, and we affirmed, concluding counsel was not ineffective for not impeaching the complaining witness with her deposition testimony, and declining to consider for the first time on appeal other theories not developed in the PCR trial. *See White v. State*, No. 18–1466, 2020 WL 376548, at *2 (Iowa Ct. App. Jan. 23, 2020).

White then filed this PCR action alleging "PCR counsel breached an essential duty by failing to call an expert to testify at the PCR trial and the original trial to impeach the alleged victim." Following a bench trial, the

district court denied the application, concluding White failed to prove ineffective assistance of counsel. White now appeals.

## STANDARD OF REVIEW

Generally, we review the denial of an application for PCR for the correction of errors at law. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). But because ineffective assistance-of-counsel claims implicate constitutional issues, our review is de novo. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018).

## ANALYSIS

White argues his PCR counsel was ineffective for failing to present expert testimony to impeach a child witness and asserts a due process violation. To succeed on a claim of ineffective assistance of counsel, White must satisfy the two-prong test that (1) his counsel's performance was deficient and (2) such failure prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984)). For the first prong, "we begin with the presumption that the attorney performed competently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). To overcome this presumption, White must prove "counsel's representation [fell] below an objective standard of reasonableness." *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (quoting *Strickland*, 466 U.S. at 688). For the second prong, he "must prove 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

But first, the State contests error preservation. It is well-established that an issue must be both raised and decided by the district court before it is

eligible for appellate review.[1]  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  When the district court does not rule on a properly presented issue, the party asserting the claim must file a motion seeking a ruling to preserve error for appeal.  *Id.*

We also generally do not resolve claims of ineffective assistance of postconviction counsel on appeal from the denial of PCR. Such claims ordinarily require a developed record, and the narrow exception permitting review applies only when the record is adequate and consideration would not prejudice either party.  *See Goode*, 920 N.W.2d at 526.  When that exception does not apply, the proper remedy is to raise the claim in a separate postconviction proceeding.  *Id.* at 527.  Our court has consistently applied *Goode* and declined to speculate on undeveloped records or assessing counsel's performance without giving them an opportunity for explanation. *See, e.g.*, *Boyd v. State*, No. 24-0145, 2025 WL 2237406, at *1 (Iowa Ct. App. Aug. 6, 2025); *Ernst v. State*, No. 23-1598, 2025 WL 271479, at *6 (Iowa Ct. App. Jan. 23, 2025); *Freese v. State*, No. 23-0139, 2024 WL 2842312, at *2 (Iowa Ct. App. June 5, 2024); *Spellman v. State*, No. 22-0499, 2024 WL 1551158, at *3–4 (Iowa Ct. App. Apr. 10, 2024).  Consistent with *Goode*, we find White's claim regarding postconviction counsel's effectiveness was not preserved.

But even if we were to reach the merits, we would find White's claim to still fail.  To establish ineffective assistance, an applicant must show

---

[1] Abiding by this stricture, we do not address the statute of limitations in Iowa Code section 822.3 that would otherwise apply to this action; the district court did not rule on the original motion to dismiss on that basis and the State did not renew its motion at trial.  *See King v. State*, No. 22-0929, 2023 WL 3856426, at *1 n.1 (Iowa Ct. App. June 7, 2023) (observing it was not appropriate to review the relevant statute of limitations when not argued in or addressed by the district court).

counsel failed to perform an essential duty and that this failure resulted in prejudice. *See State v. Davis*, 951 N.W.2d 8, 16 (Iowa 2020). White argues PCR counsel breached an essential duty by not presenting an expert witness to impeach the child victim by addressing her reliability, explaining inconsistencies in her testimony, or opining on potential coaching by the State—and that such testimony would have established trial counsel was ineffective by not presenting the same impeaching testimony. Even if he did present an expert witness, Iowa courts have held that an expert cannot comment directly or indirectly on the credibility of a victim in a criminal sexual-abuse case. *See State v. Dudley*, 856 N.W.2d 668, 676 (Iowa 2014). Determining witness credibility rests with the factfinder, and credibility is not a fact subject to expert opinion. *Id.* at 676-77. As a result, an expert likely could not have provided the testimony White envisions. *See id.*

Because the evidence White contends should have been presented was likely inadmissible, he cannot demonstrate prejudice resulting from its absence. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently. *Ledezma*, 626 N.W.2d at 142. Because White cannot establish prejudice, we affirm the district's denial of his application for PCR.

**AFFIRMED.**